UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| GINA YOUNG | : | |
| 253 Indian Camp Trail | | |
| Corbin, KY 40701 | : | CASE NO. |
| | | |
| **Plaintiff** | : | JUDGE: |
| | | |
| vs. | : | MAGISTRATE JUDGE: |
| | | |
| HARTFORD LIFE AND ACCIDENT | | |
| INSURANCE COMPANY | | |
| 200 Hopmeadow St. | : | **COMPLAINT** |
| Simsbury, CT 06089 | | |
| | | |
| and | | |
| | | |
| GROUP LONG TERM DISABILITY | | |
| PLAN FOR EMPLOYEES OF FLOWERS | | |
| FOODS, INC. GROUP INSURANCE PLAN | | |
| 1919 Flowers Circle | | |
| Thomasville, GA 31757 | | |
| | | |
| **Defendants** | | |

Now comes the Plaintiff, Gina Young, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income

1

Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, the Plaintiff, Gina Young, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Flowers Foods, Inc. (hereinafter the "Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2.      The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3.      Plaintiff, Gina Young, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Flowers Foods, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated, and she could no longer work. Plaintiff is now disabled. Venue is proper in the Eastern District of Kentucky because the agreement providing long-term disability benefits was breached in Laurel County, Corbin, Kentucky.

5. At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Hartford Life and Accident Insurance Company, (hereinafter, "Hartford").

## STATEMENT OF FACTS

7. Gina Young was hired by Flowers Foods, Inc. on June 3, 2009 and worked as a General Worker in the Manufacturing Department, before having to leave work on July 12, 2012, due to cervical spondylosis.

8. Mrs. Young worked as a "General Worker" which is a unskilled, medium strength demand occupation.

9. Ms. Young applied for short-term disability benefits upon her departure from work. These benefits were approved and paid for the time period of July 12, 2012 through January 7, 2013.

10. Long-term disability benefits began on January 8, 2013 and were paid for the inability to perform her "own occupation" until January 8, 2015. On January 9, 2015, the definition of disability changed to being unable to perform "any occupation" and Plaintiff was paid until April 16, 2018, under this definition of disability.

11. The definition of disability that Plaintiff must meet under the Flowers Foods, Inc. policy, is as follows: "<u>...after the first 24 months of continuous payments, the claimant must be prevented from performing one or more of the Essential Duties of Any Occupation</u>."

12. "Any Occupation" means, "an occupation for which you are qualified by education, training or experience, and that has an earnings potential greater than amount equal to the lesser of the product of your Indexed Pre-disability Earnings and the Maximum Monthly Benefit shown in the Schedule of Insurance."

13. Plaintiff's physician, Truman Perry, M.D., has been treating Plaintiff throughout her disability claim (since at least 2012). Prior to the denial of benefits, Dr. Perry completed an Attending Physicians Statement that provided permanent restrictions as follows: 1) Sit/stand/walk each intermittently for 1 hour at a time 1 hour per day; 2)

occasionally drive / lift 10 lbs. / fine and gross manipulation / reach at or below waist and desk level; and 3) never reach above shoulder / bend / kneel / climb / balance.

14. In response to the above work preclusive assessment, Hartford sent Plaintiff to an Independent Medical Examination on February 15, 2018, with William J. Lester, M.D., in London, Kentucky. Dr. Lester provided restrictions and limitations that would allow for sedentary work.

15. Using only Dr. Lester's restrictions and limitations, an Employability Analysis was completed which concluded that there were occupations that Ms. Young would be capable of performing and would meet the wage requirement ($8.65 an hour).

16. On April 17, 2018, Hartford issued its first denial of Plaintiff's long-term disability benefits. The adverse decision was based on the Independent Medical Examination completed by William J. Lester, M.D. and the Employability Analysis.

17. On October 5, 2018, Plaintiff, through undersigned counsel, submitted an appeal to the Hartford which included updated medical records and an Independent Medical Examination by James Owen, M.D., of Lexington, Kentucky. Dr. Owen was provided a copy of Dr. Lester's report and provided his opinion as to the conclusions that were given by Dr. Lester. Dr. Owen concluded, "I think she is clearly disabled by their own criteria and cessation of her long-term disability is a breach of contract." In addition

to Dr. Owen's IME, Plaintiff provided her statement under oath which outlined in detail the difficulties that she has in her daily life due to her medical conditions and symptoms.

18.   Plaintiff argued that Dr. Lester's restrictions and limitations were not consistent with the definition of sedentary work, because of the excessive sitting restriction and/or the walking restriction. Additionally, Plaintiff's treating physician only provided an occasional use of the upper extremities which would preclude sedentary work.

19.   Upon receipt of Plaintiff's appeal, Hartford sent Ms. Young's claim for a non-examining file review by Ira Weisberg, M.D., who was provided with the IME report by Dr. Owen but was not provided with the Plaintiff's statement under oath dated September 27, 2018.

20.   Dr. Weisberg's report is dated December 4, 2018, and states that he spoke with Plaintiff's primary care physician's office (Physician Assistant Shelton) on November 20, 2018, who supported Plaintiff's disability and verbally disagreed with Dr. Weisberg when he stated that Ms. Young should be able to perform "light duty" work. PA Shelton indicated that Ms. Young's inability to move her neck would make returning to work very difficult and that he did not see that happening.

21.   Despite the disagreement, Dr. Weisberg concluded that Ms. Young could return to work with restrictions that included reaching above shoulder level 30 minutes at

a time, up to 2.5 hours per 8 hour day; and lift, carry, push, pull up to 20 lbs. occasionally, 10 lbs. frequently and 5 lbs. constantly. Dr. Weisberg believed that no other restrictions were warranted.

22. Using only Dr. Weisberg's restrictions and limitations, Hartford completed a second employability analysis. This analysis found several occupations that Plaintiff should be able to perform based on Dr. Weisberg's restrictions and that fell into the wage requirement.

23. Hartford issued its final denial letter on December 14, 2018 which advised that Ms. Young had exhausted her administrative remedies and could file a lawsuit under § 502(a) of ERISA. The denial letter also discredited the Independent Medical Examination completed by Dr. Owen as, "*outside of the disability period in question*."

## FIRST CAUSE OF ACTION
## CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

24. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 23 of the Complaint.

25. Defendant Plan and Hartford failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Hartford and the

Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

26. Defendant Hartford has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Hartford an overreliance on non-examining physicians' opinions. The conflict of interest caused Hartford to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

27. While Defendant Hartford may have the authority to make claims determinations under applicable law and the language of the Policy, Hartford's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

28. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

29. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Hartford's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Hartford in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Hartford and an examination of the record reveals that Hartford's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

30. Hartford and the Plans have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff which supports her disability; 2) Defendants relied upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, weakness, fatigue, and an inability to persist; and 4) Defendants have engaged in a selective review of evidence presented by the claimant.

31. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

32. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

33.     The disability Plan under which the Plaintiff Gina Young was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

34.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

35.     The Plan Administrator, the Plan and Hartford failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Hartford offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

36.     Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Gina Young, prays for the following relief:

A. That the Court enter judgment in Plaintiff Young's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Young in an amount equal to the contractual amount of benefits to which Young is entitled;

B. That the Court order the Defendants to pay Young's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Gina Young's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Young benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

E. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 27th day of February, 2019

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH 45458
Tel: 937-428-9800
Fax: 937-347-5441
Email: joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Gina Young